IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20626
Conference Calendar
_____


GEORGE O'BRIEN,

                                        Plaintiff-Appellant,

versus

PHILLIP, Sheriff Deputy; HARRIS COUNTY;
HARRIS COUNTY JAIL MEDICAL ADMINISTRATOR/DIRECTOR,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-2760
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     George O'Brien, Texas prisoner number 900306, appeals from
the district court's dismissal of his 42 U.S.C. § 1983 complaint
for failure to exhaust administrative remedies and for failure to
state a claim.  O'Brien argues that under federal law he was not
required to exhaust administrative remedies with respect to his
claim that defendant Phillip used excessive force against him by
shoving him down a staircase.  However, the Supreme Court has

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

held that the Prison Litigation Reform Act's exhaustion requirement in 42 U.S.C. § 1997e(a) does apply to suits alleging excessive force.  See Porter v. Nussle, 122 S. Ct. 983, 992 (2002).  O'Brien has not adequately briefed a claim that he did exhaust his administrative remedies.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9)(A).

O'Brien has not challenged the district court's denial of relief on his claim that he was denied inadequate medical care. Accordingly, that issue is deemed abandoned.  See Yohey, 985 F.2d at 224-25; Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.